# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD D. BURK | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-19-73 |
| FOOD AND DRUG ADMINISTRATION | * | |
| Respondent | * | |

## MEMORANDUM OPINION

In response to the above-captioned Petition for Writ of Mandamus, Respondent filed a Motion to Dismiss the matter as moot because the relief sought by Petitioner has been provided. ECF 10, *see also* ECF 10-1 (Response to Citizen Petition). On April 15, 2019, this Court provided Petitioner Richard D. Burk with notice that a Motion to Dismiss had been filed and that his failure to oppose it would result in dismissal of the petition. ECF 13. In response to that notice Burk filed a Motion to Stay for 90 Days and Request for Extension of Time in which he suggests that the parties negotiate a different result for his Citizen Petition or in the alternative he seeks a 30 day extension to file a Reply to the Motion to Dismiss. ECF 14. For the reasons stated herein, Respondent's Motion to Dismiss shall be granted and Burk's motion denied.

The sole basis of this Court's jurisdiction over Burk's petition is found in 28 U.S.C. § 1361 which confers original jurisdiction to the federal district courts in any action in the nature of mandamus to compel an officer or employee of the United States, or one of its agencies, to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show: that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*,

999 F. Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Or. Nat. Resource Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

In his petition, Burk sought "to compel the Food and Drug Administration (FDA) to carry out their ministerial duties in the Administrative Proceedings of Burk's 2014 Citizen Petition requesting the FDA to place 'Warning Labels' on the Baking Soda Drug Product to deter United States Citizens . . . from using the Baking Soda Drug to manufacture and distribute the illicit drug known as 'Crack Cocaine.'" ECF 1 at p. 1. The ministerial duty owed to Burk was to provide a response to his Citizen Petition. The response to Burk's Citizen Petition, providing a lengthy explanation of why the petition was denied, was issued on April 12, 2019. ECF 10-1. Thus, the relief sought by Burk has been provided. As noted, this Court's jurisdiction lies within the confines of 28 U.S.C. § 1361 and, absent a ministerial act prescribed by law and defining a duty to be performed by Respondent which has not yet been performed, this Court no longer has jurisdiction over the matter.

Further, where the relief sought by a party has been provided there is no longer a case or controversy involved, depriving this Court of its jurisdiction to intervene in a matter. *See* U.S. Const. art. III, § 2, cl. 1. A claim is justiciable if there is "a real, substantial controversy between

parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298-99 (1979).

In his Motion for a 90 Day Stay, Burk requests a stay "to allow the parties of interest [] to discuss and/or negotiate alternative solutions to the quest in acquiring deterrent(s) against the manufacturing of crack cocaine with Sodium Bicarbonate (AKA Baking Soda)." ECF 14 at p. 1. There is no basis in law for this Court to facilitate such a request in a case where the entire matter is now moot. It is clear that Burk has received the relief sought by his Petition for Writ of Mandamus. His desire to negotiate a different result regarding his Citizen's Petition simply inserts a hypothetical, abstract interest held by Burk that does not serve to provide a live case or controversy essential to invoke this Court's jurisdiction. His Motion for 90 Day Stay shall therefore be denied.

"The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Rule 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). This Court no longer has subject-matter jurisdiction over this matter, obviating any need for Burk's Reply. Thus, his request for an extension of time to file a Reply shall be denied. By separate Order the Motion to Dismiss shall be granted.

MAY 6, 2019
Date

*Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

3